UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

TRAZZ SAWYER,

                                  Plaintiff,

    v.

BRIAN FISCHER et al.,

                                  Defendants.

**DECISION AND ORDER**

11-CV-152S

———————————————————————

       Pending before the Court is a motion (Dkt. No. 16) by plaintiff Trazz Sawyer ("Sawyer") for an order directing defense counsel, the New York Attorney General's Office, to disclose the address or the whereabouts of three defendants not yet served: Mark Bradt ("Bradt"), Jeffrey Gray ("Gray"), and Jason Elliott ("Elliott"). The defendants who have been served so far were invited to file any responding papers on or before September 15, 2014 (Dkt. No. 17) but chose not to comment on the pending motion.

       Briefly, Sawyer filed his original complaint on February 23, 2011. (Dkt. No. 1). After some preliminary proceedings and dismissal of some defendants, Sawyer received *in forma pauperis* status and filed an amended complaint. (Dkt. No. 9.) On March 21, 2014, the Clerk of Court was directed to file Sawyer's papers and to cause the United States Marshal Service ("USMS") to serve the named defendants. (Dkt. No. 12.) Six named defendants acknowledged service on June 6, 2014. (Dkt. No. 13.) Bradt, Gray, and Elliott were not among those

defendants, and the Court sees nothing in the docket that explains why they have not been served yet.  Pending resolution of this service issue, the Court has been holding in abeyance the motion to dismiss (Dkt. No. 14) that the served defendants have filed.

"Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court."  *Jones v. Herbert*, No. 02-CV-084E(F), 2004 WL 1202933, at *1 (W.D.N.Y. May 27, 2004) (Elfvin, *J.*) (citing 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir.1996)).  Since the Court now bears the responsibility for completing service on Bradt, Gray, and Elliott, it will take an incremental approach to the problem that accords with *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam).  First, the New York Attorney General's Office is directed to confirm whether it will represent Bradt, Gray, and Elliott and, if so, whether they waive service of summons.  *See Brown v. N.Y.C. Hous. Auth.*, No. 13-CV-7599 RJS HBP, 2014 WL 4370692, at *3 (S.D.N.Y. Sept. 3, 2014).  If not then the Court requests that the New York Attorney General's Office use its best efforts to determine the last known addresses for Bradt, Gray, and Elliott and to disclose them to Sawyer.  *See Nowlin v. 2 Jane Doe Female Rochester New York Police Officers*, No. 11-CV-712SC, 2012 WL 1415704, at *8 (W.D.N.Y. Mar. 23, 2012) (Scott, *M.J.*).  In the alternative, if the relevant state agencies adhere to a policy not to disclose addresses of former or retired employees then

2

the Court requests that the New York Attorney General's Office furnish the address for an office of legal counsel for the state agency or agencies that employed Bradt, Gray, and Elliott during the times relevant to the amended complaint.  See Jones, 2004 WL 1202933 at *1.  The New York Attorney General's Office will file the requested information on or before **November 7, 2014**.  The Court then will arrange for service on that legal counsel, which will be deemed good and sufficient service on Bradt, Gray, and Elliott.

Accordingly, the Court grants Sawyer's motion (Dkt. No. 16) in part as explained above.  The Court denies Sawyer's motion to the extent that it seeks any other relief.

SO ORDERED.

__/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: October 14, 2014