UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRAZZ SAWYER,

                              Plaintiff,
  v.                                             **DECISION AND ORDER**
                                                              11-CV-152S(F)
NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES et al.,

                              Defendants.

## I. INTRODUCTION

Presently before this Court are the parties' objections to the June 30, 2015 Report and Recommendation of the Honorable Leslie G. Foschio, United States Magistrate Judge, on the motion to dismiss of Defendants Bradt, Elliott, and Gray. (Docket Nos. 23, 30, 31, 35.)

The Plaintiff commenced this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 on February 23, 2011. Plaintiff was subsequently directed to file additional documentation in support of his motion to proceed *in forma pauperis*, which he timely filed; however, leave to so proceed was not granted until March 7, 2012. At that time, the Honorable Michael A. Telesca, United States District Judge, dismissed several claims and several defendants from the action with prejudice and directed Plaintiff to file an Amended Complaint to correct several claims by April 12, 2012. If Plaintiff failed to do so, the United States Marshals were directed to serve copies of Plaintiff's original summons, complaint, and Judge Telesca's order on the remaining Defendants, including Bradt, Elliott, and Gray. (Docket No. 8.)

An Amended Complaint was received on April 20, 2012 and subsequently

accepted as timely filed. See Kalican v. Dzurenda, 583 F. App'x 21, 23 (2d Cir. 2014) (citing Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (pro se prisoner's complaint considered filed when given to prison officials for mailing)); (see Docket No. 9 at 25 (Plaintiff's assertion that a copy of the Amended Complaint was given to officials for mailing on April 8, 2012).).  Nonetheless, nothing further occurred until March 2014 when Judge Telesca issued an order stating that "[t]he amended complaint has been screened by the Court with respect to the 28 U.S.C. § 1915(e) and 1915A criteria" without elaboration and directing the U.S. Marshals to serve the summons and Amended Complaint. (Docket Nos. 11, 12 (duplicate orders were filed).)

All Defendants except Bradt, Gray, and Elliot were served on June 6, 2014, and a motion to dismiss the complaint was filed on behalf of the served Defendants on August 6, 2014 ("first motion to dismiss"). (Docket Nos. 13, 14.)  Plaintiff moved for an order directing the Attorney General's Office to disclose the addresses or whereabouts of Defendants Bradt, Gray, and Elliott on August 18, 2014, and Magistrate Judge Scott, to whom this matter was then referred, directed the Attorney General's Office to confirm whether it would represent these Defendants and, if so, whether service was waived. (Docket Nos. 16, 19.) The matter was then reassigned to Magistrate Judge Foschio. (Docket No. 20.) The Assistant Attorney General confirmed on November 7, 2014, that the Office would be representing Bradt, Gray, and Elliott, waived service on their behalf, and then filed the present motion to dismiss on November 28, 2014. (Docket Nos. 21-23.)  In his Report and Recommendation granting the first motion to dismiss, which was subsequently accepted by this Court, Judge Foschio expressly stated that because the motion to dismiss of Bradt, Gray, and Elliott was not yet fully briefed, it would not being

considered at that time. (Docket Nos. 26 at 5 n. 2; 27.)

On June 30, 2015, Judge Foschio issued a Report and Recommendation on the present motion to dismiss, recommending that the motion be granted with the exception of Plaintiff's Eighth Amendment claim against Defendant Elliott. (Docket No. 30.)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen days after being served with a copy. Local Rule of Civil Procedure 72(b) further requires that written objections to a magistrate judge's report "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." After *de novo* review of those portions of the report and recommendation to which proper objections are made, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(C); United States v. Gardin, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006). Here, both parties have filed objections to Judge Foschio's June 30, 2015 Report and Recommendation.

**A.    Timeliness of Service of Defendants Brandt, Gray, and Elliott**

The present Defendants moved to dismiss the complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure due to Plaintiff's failure to timely serve the Amended Complaint. Judge Foschio rejected this argument because: (1) he had previously considered and rejected this argument on the first motion to dismiss, and as that recommendation was adopted by this Court, that determination was now the law of the case and applied with equal force to the present Defendants; (2) he was precluded

from reconsidering Judge Telesco's March 2014 Decision and Order that directed service on Defendants; and (3) by failing to provide further support for this argument in their reply brief following Plaintiff's opposition on this issue, Defendants effectively conceded this argument. Defendants object to all three conclusions, and continue to assert that dismissal is warranted for the failure to effect timely service.

Initially, this Court agrees with Defendants that the magistrate judge was not compelled to reject the timeliness argument for the reasons stated in the Report and Recommendation. This motion pertains to different Defendants with different facts relevant to service. The law of the case doctrine, in addition to being discretionary, see Pescatore v. Pan American World Airways, 97 F.3d 1, 8 (2d Cir. 1996), does not control different factual situations or different parties. See Weslowski v. Zugibe, -- F. Supp. 3d --, 2015 WL 1455857, *6 (S.D.N.Y. 2015) (collecting cases); East End Eruv Ass'n, Inc. v. Town of Southampton, No. 13-4810(AKT), 2014 WL 4826226, 13 (E.D.N.Y. Sept. 24, 2014). Further, unlike where a non-movant fails to address an argument raised in a motion, there is no reason here to find that Defendants' failure to address this issue in a discretionary reply amounts to a waiver of this argument. See generally Local Rule of Civil Procedure 7(a)(2)(A) (a moving party may, but is not required to, file a reply memorandum).

Defendants are also correct that Judge Telesca did not consider whether Plaintiff timely effected service in his March 2014 order. However, Defendants' argument is nonetheless without merit because Plaintiff was proceeding *pro se* and *in forma pauperis*. In order to protect a *pro se* plaintiff from confusion or delay, the time in which that plaintiff must effect service is tolled during the pendency of an *in forma pauperis*

Case 1:11-cv-00152-WMS-LGF Document 37 Filed 10/28/15 Page 5 of 8

application. See Sidney v. Wilson, 228 F.R.D. 517, 522-23 (S.D.N.Y. 2005); see generally Toliver v. Sullivan County, 841 F.2d 41, 42 (2d Cir. 1088). Once granted *in forma pauperis* status, Plaintiff was entitled to rely on the U.S. Marshals for service. See Walker v. Schult, 717 F.3d 119, 123 n. 6 (2d Cir. 2013) (citing Wright v. Lewis, 76 F.3d 57, 59 (2d Cir. 1996) (once *in forma pauperis* status is granted, the responsibility for service shifts from the plaintiff to the court)). The Marshals were not ordered to do so until the Court conducted its requisite review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A – a review that was not conducted until March 2014. Thus, the delay here was unfortunately caused by the Court, not Plaintiff. Further, unlike Terry v. Village of Ossining, on which Defendants rely, here Plaintiff was not only entitled to rely on the Marshals for service, he also consistently updated the Court on his current address, completed an acknowledgment of service, and timely moved for an order directing the disclosure of the location of Defendants Bradt, Gray, and Elliott. Cf. Terry, No. 12 Civ. 5855(ER), 2013 WL 5952834, *5 (S.D.N.Y. Nov. 5, 2013) (dismissal of *pro se* complaint warranted where plaintiff was not entitled to rely on the Marshals for service and failed to contact or update the court with his current address). Defendants' motion to dismiss due to Plaintiff's failure to comply with Rule 4(m) is therefore denied.

**B.     Eighth Amendment Claim against Defendant Elliott**

Defendants further object to Judge Foschio's conclusion that Plaintiff sufficiently stated an Eighth Amendment violation claim against Defendant Elliott. Plaintiff alleges that on or about April 8, 2008, Defendant Elliott escorted Plaintiff to the shower with Plaintiff handcuffed behind his back. (Am Compl ¶ 65.) As the handcuffs were removed, "Elliott pricked him with a needle or needle-like object." (Am Compl ¶ 65.)

After being escorted back to his cell, Plaintiff "once again felt pricked by a needle or needle like object" when the handcuffs were removed, "and found when he examined his hand, a small prick mark that issued blood when squeezed." (Am Compl ¶ 66.) Plaintiff further alleges that he "had to wait months before he could get an HIV/AIDS test (which returned negative), but the wait and the unknown was very stressful and the needle/pin extraction point did hurt, maybe more than it should have because such an outrageous act can affect a person psychologically." (Am Compl ¶ 69.)  As a result, Plaintiff seeks compensatory and punitive damages.

Initially, this Court agrees with Defendants that dismissal of this claim is not barred by Judge Telesca's earlier decisions. See Cusamano v. Sobek, 604 F. Supp. 2d 416, 435 n. 29 (N.D.N.Y. 2009) (a court's initial screening pursuant to § 1915(e) and/or § 1915A does not preclude a later dismissal of that complaint under Fed.R.Civ.P. 12(b)(6)).

Defendants next object on the ground that Judge Foschio failed to appropriately consider Plaintiff's claim in light of 42 U.S.C. § 1997e(e). This section of the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."  A prisoner plaintiff is therefore precluded from recovering compensatory damages for mental or emotional injury for a constitutional violation, including an Eighth Amendment violation, in the absence of a showing of actual physical injury. Thompson v. Carter, 284 F.3d 411, 417 (2d Cir. 2002).  Although "there is no statutory definition of 'physical injury' as used in section 1997e(e)," the Second Circuit

has held that a plaintiff's physical injury must be "more than *de minimis*." Liner v. Goord, 196 F.3d 132, 135 (2d Cir.1999) (citing Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997)).

Here, Plaintiff himself frames his claim as one based on the mental and emotional stress resulting from the alleged incident. (Am Compl ¶¶ 65-69.)  Further, although he claims his hand did "hurt" without elaboration, the alleged physical result is merely *de minimus* – indeed, Plaintiff himself was unsure at first if anything in fact happened. Accordingly, Plaintiff's claim for compensatory damages must be dismissed. However, dismissal of the claim in its entirety is not necessarily warranted.  Section 1997e(d) does not preclude a plaintiff from seeking non-compensatory relief, including nominal damages, injunctive and declaratory relief, and punitive damages. Thompson, 284 F.3d at 418.  Because Defendants' argument that dismissal of the claim against Elliott relies solely on the preclusive effect of § 1997e(e) and does not address whether a claim for nominal or punitive damages (which Plaintiff has requested) has been stated, the claim will not be dismissed in its entirety at this time.

**C.     Plaintiff's Objection**

Plaintiff argues generally that there were sufficient allegations of personal involvement on the behalf of "superiors" and "commanding officers" to state a claim. This argument fails to "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection." Local Rule of Civil Procedure 72(b).  Where, as here, only general or conclusory objections to a report and recommendation are made, review for only clear error is appropriate. See Singh v. N.Y.S. Dep't of Taxation & Finance, 865 F. Supp. 2d 344, 348 (W.D.N.Y.

2011).  Having so reviewed Judge Foschio's report and recommendation with respect to Plaintiff's claims against Defendants Bradt and Gray, no clear error is found.

### III. CONCLUSION

Plaintiff's claim against Defendant Elliott will not be dismissed insofar as it seeks nominal or punitive damages.  Defendants' motion to dismiss the Amended Complaint is granted with respect to all other claims.

### IV. ORDERS

IT HEREBY IS ORDERED that the June 30, 2015 Report and Recommendation of Magistrate Judge Foschio (Docket No. 30) is ACCEPTED with respect to his recommendation regarding Plaintiff's claims against Defendants Bradt and Gray and otherwise VACATED;

FURTHER, that Defendants' Objections (Docket No. 31) are GRANTED in part and DENIED in part;

FURTHER, that Plaintiff's Objection (Docket No. 35) is DENIED;

FURTHER, that the motion to dismiss of Defendants Brandt, Gray, and Elliott (Docket No. 23) is GRANTED IN PART and DENIED IN PART as stated above.

FURTHER, that the Clerk of the Court is DIRECTED to terminate Brandt and Gray as defendants.

SO ORDERED.

Dated: October 27, 2015
Buffalo, New York

                /s/William M. Skretny
                WILLIAM M. SKRETNY
                United States District Judge